IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **RAYMOND WATISON, #591583,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 1:20-cv-00081 |
| ) | |
| **GRADY PERRY, et al.,** ) | JUDGE CAMPBELL |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

By Order entered January 5, 2023, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed this prisoner civil rights action with prejudice as to all claims. (Doc. No. 77.)

On January 18, 2023, Plaintiff filed a pro se Motion to Reconsider the Court's ruling (Doc. No. 78), a Notice of Appeal (Doc. No. 79), and a Motion for Extension of Time to File In Forma Pauperis on Appeal. (Doc. No. 81.) Defendants subsequently responded to the Motion to Reconsider. (Doc. No. 83.) Thereafter, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis on Appeal (Doc. No. 84) and a Motion to Ascertain Status with regard to his January filings. (Doc. No. 85.)

### I. MOTION TO RECONSIDER

A motion to reconsider filed within 28 days of the Court's final order or judgment is properly construed under Federal Rule of Civil Procedure Rule 59(e), as a motion to alter or amend that final order or judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) ("When a party files a motion to reconsider a final order or judgment within [28] days of entry, we will generally consider the motion to be brought pursuant to Rule

59(e)."); *see Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (citation omitted) (interpreting Rule 59(e) to allow alteration of final orders as well as judgments). Relief under Rule 59(e) is warranted if Plaintiff can identify a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).

Plaintiff's Motion fails to make any such showing. It does not identify any clear legal error or newly discovered evidence. Instead, it asserts that the evidence previously offered is "more than enough to satisfy all standards for the Eighth Amendment," arguing on that basis and by reference to other courts' decisions (*see* Doc. No. 78 at 1–2) that Plaintiff is entitled to relief from the entry of summary judgment against him based on insufficient proof of his Eighth Amendment claims. (*See* Doc. No. 72, Report and Recommendation, at 14–17, *adopted by* Doc. No. 77.) However, it is for the Sixth Circuit Court of Appeals to determine if this Court wrongly found the standards for establishing a triable Eighth Amendment claim unsatisfied in this case; a motion for post-judgment relief is not a substitute for appeal. *Rosenberg v. City of Kalamazoo*, 3 F. App'x 435, 436 (6th Cir. 2001); *Coleman v. Johansene*, No. 2:19-CV-10572, 2019 WL 11250073, at *1 (E.D. Mich. July 8, 2019). Moreover, "[w]hile the 'manifest injustice' prong of Rule 59(e) may serve as a catch-all provision, it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice," as Plaintiff has done here. *Purefoy v. Harris*, No. 5:19-CV-1233, 2022 WL 17104546, at *2 (N.D. Ohio Nov. 22, 2022).

Accordingly, Plaintiff's Motion to Reconsider (Doc. No. 78) is **DENIED**.

## II. PAUPER STATUS ON APPEAL

Plaintiff's Motion for Extension of Time to File In Forma Pauperis on Appeal (Doc. No. 81) is **GRANTED** nunc pro tunc. His Application for Leave to Proceed In Forma Pauperis on Appeal (Doc. No. 84) is properly before the Court.

Although Plaintiff was previously granted pauper status in this Court, and pauper status automatically carries over on appeal in many cases under Federal Rule of Appellate Procedure 24(a)(3), "[a] new determination is necessary" in prisoner appeals under the Prison Litigation Reform Act. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007) (finding that a "prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal"); *Adams v. Fochee*, No. 12-CV-01076-PAB-CBS, 2014 WL 2011768, at *3 (D. Colo. May 16, 2014) (finding that PLRA prevents automatic carryover of pauper status on appeal under Fed. R. App. P. 24(a)(3)) (citing *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1152 (10th Cir. 2009)). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Plaintiff's Application for Leave to Proceed In Forma Pauperis on Appeal (Doc. No. 84) complies with the requirements of Rule 24(a)(1). Accordingly, that application is **GRANTED**.

In light of the foregoing, Plaintiff's Motion to Ascertain Status of his earlier filings (Doc. No. 85) is **GRANTED**.

The Clerk of Court **SHALL** forward a copy of this order to the Sixth Circuit Clerk.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE